**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **CASSANDRA THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Cause No. 4:13-cv-565** |
| | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| **ANGELA FERNANDEZ, MELISA** | ) | **JURY TRIAL DEMANDED** |
| **HORTON, and GREG BUELT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores East, LP ("Walmart"), hereby removes to the United States District Court for the Eastern District of Missouri, the above-styled action, pending as Case No. 1311-CC00186 in the Circuit Court of St. Charles County, in the State of Missouri (the "State Court Action"). As grounds for removal, Walmart states as follows:

**BACKGROUND**

1.    On or about February 15, 2013, Plaintiff Cassandra Thomas filed her Petition in the Circuit Court of St. Charles County, Missouri.  In her Petition, Plaintiff alleges that the Defendants incorrectly refilled her Metformin prescription by modifying the dosage instructions.  See Petition, ¶ 9.  Plaintiff asserts a claim for medical malpractice and seeks various forms of relief, including compensatory damages for alleged severe and permanent injuries.  Id. at ¶ 13.

2.      Walmart was served with a copy of the Petition on February 26, 2013.  A copy of all process, pleadings, and orders served upon Walmart in the State Court Action is attached at Exhibit A.

3.      As described below, Defendants Angela Fernandez, Melisa Horton, and Greg Buelt (collectively, "the resident defendants") are fraudulently joined in this action. It is well-settled that co-defendants who are fraudulently joined need not join in the removal.  See Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993); Wilhoit v. Boehringer Ingelheim Pharmaceuticals, Inc., 08-cv-5755 JMR/FLN, 2009 WL 702007, *1 (D. Minn. March 13, 2009).

4.      Under 28 U.S.C. § 1441, Congress has granted defendants like Walmart the statutory right to remove a case from a state court to a United States district court where the case could have originally been filed in federal court.  This grant is authorized by 28 U.S.C. § 1332, which extends the original jurisdiction of the federal courts to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"

5.      Removal is proper in this case as this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  See 28 U.S.C. § 1441.

## BASIS FOR FEDERAL COURT JURISDICTION

**A.      Amount in Controversy**

6.      It is apparent from the face of the Petition that the $75,000 amount in controversy requirement under § 1332(a) is met.  Specifically, Plaintiff seeks damages for

alleged "severe and permanent injuries, including but not limited to a requirement that Plaintiff be maintained on insulin for the remainder of her life, that she suffered injuries to her eyes due to the period of uncontrolled diabetes, and generally all damages to her body common to uncontrolled diabetes." Petition, ¶ 13. Plaintiff further claims that she is no longer able to engage in physical activities to the extent she was before and that her social life and activities have been impaired, diminished and adversely effected. Id. She also claims that she "suffered, suffers and will in the future suffer great pain of body, mental anguish and emotional distress." Id. In addition, Plaintiff alleges that she was required to seek medical care and treatment and that she has expended substantial sums in medical expenses to date and will be required to expend additional sums in the future. Id. Finally, Plaintiff claims that she is "severely, seriously and permanently injured" and that her "injuries and damages are permanent, progressive, and continuous." Id.

7.     These claimed damages almost certainly exceed $75,000, given the myriad of damages that Plaintiff seeks. On the face of the Petition, the finder of fact could easily conclude that Plaintiff is entitled to damages in excess of $75,000. See Kopp v. Kopp, 280 F.3d 883, 886 (8th Cir. 2002) (finding jurisdictional amount requirement for diversity was satisfied, as award could exceed $75,000); Thorton v. DFS Services, LLC, No. 4:09-CV-1040, 2009 WL 3253836, at *1 (E.D. Mo. Oct. 9, 2009); Quinn v. Kimble, 228 F.Supp.2d 1038, 1040 (E.D. Mo. 2002). The situation at the time of removal is determinative in this regard. Hartridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). In making this inquiry, "courts are not persuaded by evasion, artful pleading or jurisdictional shell games." Hollenbeck v. Outboard Marine Corp., 201 F.Supp.2d 990, 993 (E.D. Mo. 2001). "A plaintiff may not seek to defeat a defendant's

statutory right of removal by artful pleading … minimiz[ing] the damages … for purposes of federal jurisdiction yet permit[ting] recovery of higher damages in a state court." Id. (quotation omitted).

8.      In the instant action, the "amount in controversy" clearly exceeds $75,000, exclusive of interest and costs, when consideration is given to the potential damage award.  Accordingly, Walmart has met its burden of showing that the jurisdictional amount is met.

        **B.      Complete Diversity of Citizenship**

9.      Upon information and belief, Plaintiff is a citizen of Missouri.  See Petition, ¶ 1.

10.      Walmart is, and was at the time Plaintiff commenced the State Court Action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas.  See e.g., Petition, ¶ 2.  Accordingly, Walmart is a citizen of Delaware and Arkansas.  See 28 U.S.C. § 1332(c).

11.      Thus, there is complete diversity of citizenship between Plaintiff and Walmart.

12.      The resident defendants have been fraudulently joined to defeat diversity jurisdiction.  Accordingly, their citizenship should be ignored for purposes of determining diversity.

13.      The doctrine of fraudulent joinder provides that a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal.  Grobe v. Vantage Credit Union, 679 F.Supp.2d 1020, 1025 (E.D. Mo. 2010) (citations omitted).  "Joinder is fraudulent and removal is proper when there exists no

4

reasonable basis in fact and law supporting a claim against the resident defendants."
Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir.2002) (affirming finding of
fraudulent joinder because no basis in fact or law was alleged which would support a
claim against the non-diverse defendants).

14.     A proper review focuses on the reasonableness of the factual basis
underlying the claims.  Grobe, 679 F.Supp.2d at 1025-26 (citing Menz v. New Holland
N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir.2006)).  Joinder is fraudulent if the facts with
respect to the resident defendants are "shown to be so clearly false as to demonstrate that
no factual basis exists for any honest belief on the part of the plaintiff" that a cause of
action exists against it.  Id. at 1026 (quoting Morris v. E.I. DuPont De Nemours, 68 F.3d
788, 792 (8th Cir. 1934)).

15.     In ruling on these issues, it is proper for the Court to consider affidavits
and other evidence submitted by the parties.  Id. (citation omitted); see also Parnas v.
Gen. Motors Corp., 879 F.Supp. 91 (E.D. Mo. 1995) (considering the parties' affidavits
in addition to the parties' pleadings in determining the issue of fraudulent joinder); Reeb
v. Wal-Mart Stores, 902 F.Supp. 185 (E.D. Mo. 1995) (The "most prudent method" of
determining if a defendant was fraudulently joined is to consider materials outside the
pleadings to see if they establish facts supporting the plaintiff's claims.); Elliott v.
Bridgestone/Firestone N. Am. Tire, No. 4:05CV1297 CDP, 2006 WL 6191453 (E.D. Mo.
Mar. 7, 2006) (considering affidavits and deposition testimony in ruling on a fraudulent
joinder motion); Petersen v. Rusch, Inc., No. 4:05CV1328 ERW, 2006 WL 83492 (E.D.
Mo. Jan. 12, 2006) (looking to affidavit of non-diverse defendant to deny remand because
affidavit denied involvement and was uncontradicted by plaintiff).

5

16.     There is no reasonable basis to predict that Plaintiff could prevail on her claims against the resident defendants because Plaintiff does not allege sufficient factual allegations against them.  In order to establish medical malpractice, "Plaintiff must establish that:  1) an act or omission of the defendants failed to meet the required standard of care; 2) the defendant was negligent in the performance of the act or omission; and 3) the act or omission caused Decedent's injury."  Lunn v. Anderson, 302 S.W.3d 180, 191 (Mo. Ct. App. 2009) (citation omitted); see also Lake v. McCollum, 295 S.W.3d 529, 532 (Mo. Ct. App. 2009) (quotation omitted).

Here, the affidavits of the resident defendants establish that no reasonable basis in fact and law exists to support a claim against them.  None of the resident defendants were employed at the Walmart pharmacy in St. Peters, Missouri on February 17, 2011, when Plaintiff's prescription was allegedly re-filled incorrectly.  See Exhibit B, affidavits of resident defendants.  Plaintiff's medical malpractice claim rests solely on this alleged incorrect re-fill.  See Petition, ¶¶ 8 – 13.  As such, with respect to the resident defendants, Plaintiff cannot establish any of the three elements of a medical malpractice cause of action.

Accordingly, joinder of the three resident defendants is fraudulent as the facts have been "shown to be so clearly false as to demonstrate that no factual basis exists for any honest belief on the part of the plaintiff" that a cause of action exists against them. See Grobe, 679 F.Supp.2d at 1026.  Thus, the Court may disregard the citizenship of the resident defendants who were fraudulently joined in an effort to defeat removal.

## REMOVAL IS PROPER

17.     The State Court Action is not one described in 28 U.S.C. § 1445.

18.     Walmart was served with a copy of the Petition on February 26, 2013. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

19.     Removal of the State Court Action to this United States District Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 is proper because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  This Court, therefore, has original jurisdiction over all claims pursuant to 28 U.S.C. § 1332, and removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. § 1441.

20.     Promptly after filing this Notice of Removal, Walmart will file a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Charles County, Missouri and serve a copy on all counsel of record.  See 28 U.S.C. § 1446(d).

21.     It is well-settled that defendants who are fraudulently joined need not join in the removal.  See Jernigan, 989 F.2d at 815; Wilhoit, 2009 WL 702007 at *1.  The resident defendants are fraudulently joined, therefore, they need not consent to this removal.

22.     The United States District Court for the Eastern District of Missouri is the federal judicial district embracing the Circuit Court of St. Charles County, Missouri, where this suit was originally filed.  Therefore, venue is proper in this Court under 28 U.S.C. § 105(a).

FOR RELIEF, Wal-Mart Stores East, LP respectfully requests that this cause be removed from the Circuit Court of St. Charles County, Missouri, that this Court exercise jurisdiction over this matter, and that this Court grant it all other appropriate relief.

Dated:  March 26, 2013                          Respectfully submitted,

                                                DOWD BENNETT LLP

                                                By:  /s/ Jennifer S. Kingston
                                                    James F. Bennett, #46826
                                                    jbennett@dowdbennett.com
                                                    Jennifer S. Kingston, #49307
                                                    jkingston@dowdbennett.com
                                                    7733 Forsyth Blvd., Suite 1410
                                                    St. Louis, Missouri 63105
                                                    (314) 889-7300 (telephone)
                                                    (314) 863-2111 (facsimile)

                                                    Attorneys for Defendant
                                                    Wal-Mart Stores East, LP


## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a true and correct copy of the foregoing document was served on March 26, 2013 via the Court's electronic notification system and U.S. mail to the following parties of record:

Richard A. Gartner
The Gartner Law Firm
220 Salt Lick Road
St. Peters, MO 63376

                                                    /s/  Jennifer S. Kingston


8