

# Service of Process Transmittal
02/26/2013
CT Log Number 522206130

**TO:** Sheron Young
Wal-Mart Stores, Inc.
702 SW 8th Street
Bentonville, AR 72716

**RE:** Process Served in Missouri

**FOR:** Wal-Mart Stores East I, LP (Assumed Name) (Domestic State: DE)
Wal-Mart Stores East, LP (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Thomas Cassandra, Pltf. vs. Wal-Mart Stores East, LP, et al., Dfts. // To: Wal-Mart Stores East I, LP<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Petition, Notice, Consent Form |
| **COURT/AGENCY:** | St. Charles County Circuit Court, MO<br>Case # 1311CC00186 |
| **NATURE OF ACTION:** | Personal Injury - Medical malpractice on the part of the defendant for failing to fill the plaintiff's prescription as written by plaintiff's physician and changing the dosage instructions of plaintiff's prescription to an improper dosage |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/26/2013 at 11:09 |
| **JURISDICTION SERVED:** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Richard A. Gartner<br>The Gartner Law Firm<br>220 Salt Lick Road<br>St. Peters, MO 63376<br>636-397-2111 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/26/2013, Expected Purge Date: 03/03/2013<br>Image SOP<br>Email Notification, Scott LaScala-CT East CLS-VerificationEast@wolterskluwer.com<br>Email Notification, Sheron Young ct.lawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Meghan Saffell |
| **ADDRESS:** | 120 South Central Avenue<br>Suite 400<br>Clayton, MO 63105 |
| **TELEPHONE:** | 314-863-5545 |

Page 1 of 1 / ES

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# IN THE 11TH JUDICIAL CIRCUIT COURT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>JON A. CUNNINGHAM | Case Number: 1311-CC00186 |
|---|---|
| Plaintiff/Petitioner:<br>CASSANDRA THOMAS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD A GARTNER<br>220 SALT LICK RD<br>SAINT PETERS, MO  63376 |
| Defendant/Respondent:<br>WAL-MART STORES EAST I LP | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Pers Injury-Malpractice | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: WAL-MART STORES EAST I LP
                        Alias:

SERVE: CT CORP SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| February 20, 2013 | /S/ JUDY ZERR |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
                        Date              Notary Public

**Sheriff's Fees**
Summons                      $ _____
Non Est                      $ _____
Sheriff's Deputy Salary
Supplemental Surcharge       $  10.00
Mileage                      $ _____ (_____ miles @ $_____ per mile)
Total                        $ _____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
COUTY OF ST. CHARLES
STATE OF MISSOURI

| | |
|---|---|
| CASSANDRA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| v. ) | |
| ) | Division No.: |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Serve Registered Agent: ) | |
| ) | |
|    CT Corporation System ) | |
|    120 South Central Ave. ) | |
|    Clayton, MO 63105 ) | |
| and ) | |
| ) | |
| ANGELA FERNANDE, ) | |
| ) | |
| Serve at:  1661 Jungerman Rd. ) | |
|           St. Peters, MO 63376 ) | |
| and ) | |
| ) | |
| MELIS HORTON, ) | |
| ) | |
| Serve at:  1661 Jungerman Rd. ) | |
|           St. Peters, MO 63376 ) | |
| and ) | |
| ) | |
| GREG BUELT, ) | |
| ) | |
| Serve at:  1661 Jungerman Rd. ) | |
|           St. Peters, MO 63376 ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S PETITION FOR DAMAGES**

**(Medical Malpractice)**

Electronically Filed - St Charles County - Circuit Court - February 15, 2013 - 04:05 PM CST

COMES NOW Plaintiff, CASSANDRA THOMAS, and by and through their attorney, and for her cause of action against Wal-Mart Stores East, LP, Angela Fernande, Melisa Horton and Greg Buelt, Defendants herein, states as follows:

1. Plaintiff, CASSANDRA THOMAS, is a citizen and resident of St. Charles County, Missouri, now residing at 10 Shadowcreek Drive, St. Peters, Missouri.

2. Defendant, Wal-Mart Stores East, LP, is a foreign corporation of the state of Delaware, registered to do business in the state of Missouri, and generally engaged in the business of providing healthcare services as a pharmacy, and doing business in St. Charles County, Missouri as at 1661 Jungerman Rd., St. Peters, Missouri, as Walmart Pharmacy.

3. Defendant, Wal-Mart Stores East, LP, is licensed by the state of Missouri as a pharmacy, and doing business in St. Charles County, Missouri as at 1661 Jungerman Rd., St. Peters, Missouri, as Walmart Pharmacy.

4. Defendant, Angela Fernande, is a pharmacist duly licensed to practice as a pharmacist as provided by the laws of the State of Missouri, and providing pharmacological services for customers, such as Plaintiff, at 1661 Jungerman Rd., St. Peters, Missouri, in St. Charles County, Missouri, and as an employee of Defendant, Wal-Mart Stores East, LP.

5. Defendant, Melisa Horton, is a pharmacist duly licensed to practice as a pharmacist as provided by the laws of the State of Missouri, and providing pharmacological services for customers, such as Plaintiff, at 1661 Jungerman Rd., St. Peters, Missouri, in St. Charles County, Missouri and as an employee of Defendant, Wal-Mart Stores East, LP.

6. Defendant, Greg Buelt, is a pharmacist duly licensed to practice as a pharmacist as provided by the laws of the State of Missouri, and providing pharmacological services for

Electronically Filed - St Charles County - Circuit Court - February 15, 2013 - 04:05 PM CST

customers, such as Plaintiff, at 1661 Jungerman Rd., St. Peters, Missouri, in St. Charles County, Missouri and as an employee of Defendant, Wal-Mart Stores East, LP.

7. Defendants held themselves out to the Plaintiff and to the general public as being skilled pharmacists and health care providers and represented the same to Plaintiff. In so holding themselves out and in undertaking to provide pharmaceutical care to Plaintiff for valuable consideration, it was the duty of Defendants to exercise reasonable care to see that Plaintiff obtained proper and competent medical care and treatment, and that the prescriptions filled at the said pharmacy were filled pursuant to the physicians orders and prescription provided therefore were provided at the correct dosages and Plaintiff reasonably relied on said representations.

8. On February 17, 2011, Defendant Wal-Mart, by and through its employees, including, but not limited to Defendants Fernande, Horton and Buelt, refilled a prescription of Plaintiff for the drug, Metformin, pursuant to the prescription therefore as prescribed by Dr. Stanley Mathew on file with the Defendant Wal-Mart, which was prescribed for the treatment of Plaintiff's Type II diabetes.

9. At that time, Defendant Wal-Mart, by and through its employees, including, but not limited to Defendants Fernande, Horton and Buelt incorrectly refilled the said prescription by modifying the dosage instructions of said drug on the drug packaging and bottle thereof, to half of the dosage as prescribed by Plaintiff's physician.

10. That, pursuant to the said dosage instructions of the Defendants as given to the Plaintiff, Plaintiff took said medications as instructed, and, as a direct and proximate result thereof, Plaintiff became seriously ill and her Type II Diabetes became uncontrolled, causing serious complications to Plaintiff's health, all as a direct and proximate cause of the carelessness, recklessness and negligence of Defendants, as set forth in greater detail hereafter.

Electronically Filed - St Charles County - Circuit Court - February 15, 2013 - 04:05 PM CST

11. Defendants, Fernande, Horton, Buelt and Wal-Mart, by and through its employees and agents, negligently and carelessly failed to use that degree of skill, care and proficiency ordinarily used by pharmacists and pharmacies engaged in the field of providing pharmacological services and by pharmacists engaged to practice in the general vicinity of the geographical area in which these Defendants practiced, by:

    a. Failing to fill the Plaintiff's prescription as written by Plaintiff's physician;

    b. Changing the dosage instructions of Plaintiff's prescription to an improper dosage; and,

    c. Failing to warn the Plaintiff that the dosage of the said medication had been changed on the said prescription;

    d. Failing to properly supervise those employees and pharmacy technicians to assure that Plaintiff's prescription was filled pursuant to the physician's prescription.

12. That at all times relative herein, the Defendants, Fernande, Horton and Buelt were employed by and was acting within the scope and course of their employment with Defendant, Wal-Mart Stores East, LP, and Defendant, Wal-Mart East Stores, LP is therefore liable unto the Plaintiff under the doctrine of Respondeat Superior.

13. As a direct and proximate result of the carelessness, recklessness and negligence of the Defendants as aforesaid, Plaintiff, failed to receive proper treatment for the said Type II Diabetes condition, which thereupon quickly made the Plaintiff ill and caused the said condition to progress until it caused her substantial additional injury and caused her said Type II Diabetes to become uncontrolled, and causing Plaintiff to sustain severe and permanent injuries, including but not limited to a requirement that Plaintiff be maintained on insulin for the remainder of her

Electronically Filed - St Charles County - Circuit Court - February 15, 2013 - 04:05 PM CST

life, that she suffered injuries to her eyes due to the period of uncontrolled diabetes, and generally all damages to her body common to uncontrolled diabetes Plaintiff is no longer able to engage in physical activities to the extent she was before; Plaintiff is severely, seriously, and permanently injured; Plaintiff suffered, suffers and will in the future suffer great pain of body, mental anguish and emotional distress; Plaintiff was required to seek medical care and treatment and expended substantial sums in medical expenses to-date, and Plaintiff will be required to expend additional sums therefore in the future; Plaintiff's social life and activities have been impaired, diminished, and adversely effected preventing Plaintiff from engaging in certain physical and social activities; and all of said injuries and damages are permanent, progressive, and continuous.

WHEREFORE, the premises considered, Plaintiff, CASSANDRA THOMAS, prays judgment against Defendants, WAL-MART STORES EAST, LP, ANGELA FERNANDE, MELISA HORTON AND GREG BUELT, jointly and severally, on this Petition for actual damages in an amount which is fair and reasonable exceeding the sum of Twenty-Five Thousand Dollars ($25,000.00), for Plaintiffs' costs incurred herein and for such other and further relief as this Court may deem just and proper in the premises.

              Respectfully submitted.

              THE GARTNER LAW FIRM

              */s/ Richard A. Gartner*

              Richard A. Gartner, #29062
              Attorney for Plaintiff
              220 Salt Lick Road
              St. Peters, Missouri 63376
              Telephone: 636-397-2111
              Facsimile: 636-397-7625
              Email: Richard.gartner@gartnerlawfirm.com

STATE OF MISSOURI )
) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution. The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute. The mediator is impartial and has no authority to render a decision or impose a resolution on the parties. During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office. If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve. If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at:
http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

```
STATE OF MISSOURI            )
                             ) ss.
ST. CHARLES COUNTY, MISSOURI )
```

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

```
_____ )
                   Plaintiff(s), )
                                 )
vs.                              )      Cause #_____
                                 )
_____ )
                   Defendant(s). )
```

## CONSENT TO MEDIATION FORM

     I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

\_\_\_\_\_ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

\_\_\_\_\_ We do not consent to the referral of this case to mediation.

 

_____
Signature

_____
(Print Name)

Attorney for:

_____
(Party or Parties)

Date: _____