UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CASSANDRA THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13CV00565 HEA |
| | ) |
| WALMART STORES, LLP, | ) |
| ANGELA FERNANDEZ, | ) |
| MELISA HORTON, | ) |
| GREG BUELT, | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Dismiss, [Doc. No. 14], filed on behalf of Angela Fernandez, Melisa Horton, and Greg Buelt. Plaintiff has not responded to the Motion. The time for response has long elapsed. For the reasons set forth below, the Motion is granted.

**Standard for Motion to Dismiss**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v.*

*Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each

allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955).

Defendants move to dismiss this action on the grounds that Plaintiff's action fails to state a claim of medical malpractice against the individual defendants. Plaintiff has utterly failed to address Defendant's arguments in support of its Motion to Dismiss. The Court construes such failure as an abandonment of Plaintiff's claims. See *Spencer v. Moreno*, No. 4:02CV3049, 2003 WL 1043318, at *5 (D.Neb. Mar. 11, 2003) (failure to show or to attempt to

show right to pursue claim in response to arguments raised in defendants' motion appears to constitute an abandonment of the claim or a concession to defendants' argument). See also, e.g., *Siepel v. Bank of Am., N.A* ., 239 F.R.D. 558, 566 (E.D.Mo.2006) (because plaintiffs failed to address defendants' arguments raised in motion to dismiss relating to certain claims, court grants motion on such claims and dismisses those claims with prejudice) (citing *Figueroa v. United States Postal Serv.*, 422 F.Supp.2d 866, 879 (N.D.Ohio 2006) (viewing the failure to respond to arguments in a motion to dismiss as a concession that the claim fails as a matter of law); *Scognamillo v. Credit Suisse First Boston LLC*, No. 03–2061, 2005 WL 2045807, at *11 (N.D.Cal. Aug. 25, 2005) (holding that plaintiffs' failure to respond to argument warranted dismissal with prejudice)); *Georges v. Accutira Mortg., Inc*., No. 4:08–cv–201 (JCH), 2008 WL 2079125, at *5 (E.D.Mo. May 15, 2008) (court accepts defendant's argument that plaintiff's claim is untimely inasmuch as plaintiff failed to respond to argument).

## Conclusion

Based upon the foregoing, the Court concludes that the Motion is well taken and therefore, this matter will be dismissed as to defendants Fernandez, Horton, and Buelt.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 14], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **dismissed, as to Defendants** Fernandez, Horton, and Buelt.

Dated this 13th day of January 2014.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**